# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

In Re:

CATHY ELAINE ROGERS,

Debtor.

Bankruptcy Case
No. 04-40539

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Jim Spinner, SERVICE, SPINNER & GRAY, Pocatello, Idaho, Attorney for Trustee.

      Bradley E. Rice, Twin Falls, Idaho, Attorney for Debtor.

      R. Sam Hopkins, Pocatello, Idaho, Trustee.

      Chapter 7 Trustee R. Sam Hopkins objects to Debtor Cathy Roger's Amended Claim of Exemption, arguing the exemption should not be allowed because Debtor's delay in amending her Schedule C prejudiced Trustee and the bankruptcy estate. Alternatively, Trustee contends that the $1,300 Debtor receives each month from her ex-husband cannot be exempted because it is not support but actually payment for a property division. Debtor argues the monthly payment is

MEMORANDUM OF DECISION - 1

alimony earmarked for her job training by the state court's divorce decree, and for necessary monthly expenses.

Oral argument on Trustee's objection to the exemption occurred on September 12, 2005, and the Court took the matter under advisement. The following constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

### Facts

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 19, 2004. Docket No. 1. Debtor disclosed alimony payments on Schedule I as income, but she did not list her claim for future alimony payments on Schedule B. Debtor filed amended Schedules B and C on July 13, 2005, listing the $1,300 per month payment as alimony and claiming it exempt under Idaho Code § 11-604(1)(b). Docket No. 11.

Debtor was married to William Rogers for seven or eight years before their divorce on March 26, 2003. Debtor obtained the divorce by default. The divorce decree, drafted by Debtor and her divorce counsel, provides for the division of property. Ex. 1, Docket No. 13. Debtor was awarded the home, her personal property, and a portion of the community property. Mr. Rogers, a farmer, was awarded his separate property and the remaining community property.

MEMORANDUM OF DECISION - 2

Some of the community property Mr. Rogers was awarded consisted of farming equipment, and the decree provided that Debtor would be entitled to receive a portion of any proceeds from the disposition of those assets during Mr. Rogers' lifetime to compensate her for her equity interest. However, Debtor testified she does not know if she will ever receive anything for her interest in the farm equipment because Mr. Rogers may continue farming and never dispose of it.

The decree also ordered Mr. Rogers to make payments to Debtor, referred to as alimony, in the amount of $1,300 for three years then reducing to $900 for two years. Debtor testified that she had always been a mother and a housewife. But around the time the divorce decree was entered, Debtor obtained a good-paying full-time job with Dell. After a year Debtor's wages were cut and she left the company. She then obtained a job at McDonalds. Currently, debtor drives a school bus two hours a day, five days a week, earning $13.50 an hour. She also cleans homes earning an additional $300 to $500 a month.

Debtor insists the monthly payments provided by the divorce decree are alimony designed to allow her to retrain for a new job. Trustee argues the monthly payments were really intended to compensate Debtor for her equity in the parties' marital property. Trustee points out that Debtor and Mr. Rogers were not married long enough to justify the amount of alimony being paid, and that it is

MEMORANDUM OF DECISION - 3

unlikely Debtor will ever receive any significant payment from the farm equipment. Therefore, Trustee contends, Debtor structured the divorce decree to pay her a share of the value of the parties' assets as "alimony." As noted above, Trustee also argues Debtor's delay in filing the amended exemption schedule prejudiced the bankruptcy estate.

## Disposition

### A. The Delay in Amending the Schedules Did Not Prejudice Trustee or the Bankruptcy Estate.

Debtors may amend their schedules, including Schedule C, any time prior to the closing of the bankruptcy case without leave from the court. Fed. R. Bankr. P. 1009(a); *In re Bowden*, 00.3 I.B.C.R. 158, 159 (Bankr. D. Idaho 2000) (citing *In re Michael*, 163 F.3d 526, 529 (9th Cir. 1998)). "However, case law [has] recognized the court may deny a debtor the right to amend exemption schedules where the debtor has acted in bad faith or where the delay in claiming the exemption has prejudiced creditors." *In re Bowden*, 00.3 I.B.C.R. at 159 (citing *In re Michael*, 163 F.3d at 529; *In re Arnold* 252 B.R. 778, 784 (9th Cir. BAP 2000); *In re Hamilton*, 93 I.B.C.R. 227, 229 (Bankr. D. Idaho 1993)).

Trustee claims Debtor's delay in amending Schedule C is prejudicial because it denied creditors the money they would otherwise receive. However, "[t]he mere fact that allowance of the amendment would remove assets from

MEMORANDUM OF DECISION - 4

administration is, standing alone, insufficient to establish prejudice." *In re Hoffpauir*, 258 B.R. 447, 452 (Bankr. D. Idaho 2001) (citing *In re Arnold*, 252 B.R. 778, 784 (9th Cir. BAP 2000)). Trustee presented no evidence of prejudice aside from arguing the exemption would prevent that money from being disbursed to creditors. Case law is clear that this is an insufficient reason to constitute prejudice. Therefore, the Court finds the delay in claiming the exemption did not prejudice Trustee, the estate, or creditors, and Debtor's amended schedules will be allowed.

### B. The Monthly Payments Are Alimony and the Claimed Exemption is Proper.

Idaho has accepted the Bankruptcy Code's invitation to restrict its citizens to the exemptions allowed under state law. 11 U.S.C. § 522(b)(1); Idaho Code § 11-609. As the objecting party Trustee bears the burden of proof to show the exemption is not proper. Fed. R. Bankr. P. 4003(c). However, once Trustee presents "sufficient evidence to rebut the prima facie validity of the exemption, the burden shifts to a debtor to demonstrate that the exemption is proper." *In re Nielsen*, 97.4 I.B.C.R. 107, 107 (Bankr. D. Idaho 1997) (citing Russell, BANKRUPTCY EVIDENCE MANUAL, 1997 Ed., 323; *In re Frazier*, 104 B.R. 255 (Bankr. N.D. Cal. 1989)). Additionally, "it is well-established that the nature and extent of exemptions is determined as of the date that the bankruptcy petition is

MEMORANDUM OF DECISION - 5

filed." *In re Moore*, 269 B.R. 864, 868 (Bankr. D. Idaho 2001) (citing *Culver, LLC v. Chiu* (*In re Chiu*), 266 B.R. 743, 751 (9th Cir. BAP 2001)). Exemption statutes are liberally construed in favor of the debtor. *In re Steinmetz*, 01.1 I.B.C.R. 28, 28 (Bankr. D. Idaho 2001).

> The claimed exemption provides:
>
> (1) An individual is entitled to exemption of the following property to the extent reasonably necessary for the support of him and his dependents:
>
>> (b) money or personal property received, and rights to receive money or personal property for alimony, support, or separate maintenance.

Idaho Code § 11-604(b).

The Court is often asked to determine whether a monetary award in a divorce decree is in the nature of support in the context of dischargeability litigation prosecuted under § 523(a)(5). In that situation, the Ninth Circuit has articulated several factors to guide the Court in determining whether an award is in the nature of support.

> In determining whether an obligation is intended for support of a former spouse, the court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. . . . The courts that have considered this issue have used several factors to aid in the characterization of the debt. If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called

MEMORANDUM OF DECISION - 6

> 'property settlement' is intended for support when the circumstances of the case indicate that the recipient spouse needs support. . . . Factors indicating that support is necessary include the presence of minor children and an imbalance in the relative income of the parties. . . . Similarly, if an obligation terminates on the death or remarriage of the recipient spouse, a court may be inclined to classify the agreement as one for support. . . . The court will look also to nature [sic] and duration of the obligation to determine whether it is intended as support. Support payments tend to mirror the recipient spouse's need for support.

*In re Martin*, 04.3 I.B.C.R. 131, 132 (Bankr. D. Idaho 2004) (quoting *Shaver v. Shaver*, 736 F.2d 1314, 1316-17 (9th Cir. 1984) (internal citations omitted)). The Bankruptcy Appellate Panel has instructed that "[a] significant factor is whether there are other provisions in the agreement separate and distinct from the provision in question which is designated as support payments and which terminate at a specific date or upon a specific event." *Leppaluoto v. Combs*, 101 B.R. 609, 616 (9th Cir. BAP 1989).

Here, neither party has offered, nor has the Court discovered in its own research, how the Court should determine whether, under Idaho law, payments under a divorce decree should be designated as alimony, as opposed to property settlement payments. Therefore, the Court will adopt the reasoning of the cases discussed above in the analogous setting of determining whether a debt for alimony should be discharged under § 523(a)(5).

MEMORANDUM OF DECISION - 7

In this case, precious little evidence was presented regarding the parties' intentions at the time of the divorce. Debtor was a housewife, and there was an obvious disparity in the incomes being generated by her and Mr. Rogers. The amount of the monthly payment under the parties' divorce decree reduces after three years and terminates altogether after five years, perhaps evidencing that with retraining, Debtor should need less support. Significantly, the divorce decree separates alimony from its provisions controlling distribution of the parties' property.

The fact that it is unlikely Debtor will receive a payment on account of her interest in the farm equipment does not indicate the monthly payments from Mr. Rogers to Debtor were intended as a substitute for such a payment. Indeed, the monthly payments and Debtor's possible equity payment appear unrelated. And while Debtor had the good fortune to obtain a good job around the time the divorce decree was entered, Debtor had little experience in the job market at the time of the divorce and would have clearly benefitted from retraining. Given the circumstances existing at that time, the Court is persuaded that the divorcing parties intended the monthly payments as alimony for Debtor's support.

**Conclusion**

MEMORANDUM OF DECISION - 8

It has not been shown that Debtor's delay in filing the amended Schedule C prejudiced Trustee or the bankruptcy estate. In addition, there is insufficient evidence to show that the monthly payments Debtor receives under the divorce decree are anything other than as provided by the decree: alimony. Therefore, the monthly payments may be exempted under Idaho Code § 11-604(b).

Trustee's objection to Debtor's claim will be denied by separate order.

Dated: October 5, 2005

Honorable Jim D. Pappas
United States Bankruptcy Judge